UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HAEGE,

    Plaintiff,

v.

                                                Case No. 1:14-cv-53
                                                Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the March 26, 2012 decision of the Commissioner of the Social Security Administration (Commissioner) determining that plaintiff was overpaid benefits in the amount of $53,297 for the period extending June 2007 through September 2011 (AR 12-16).

**I.    Background**

Plaintiff (sometimes referred to as "claimant") was born on September 24, 1967 (AR 58, 163).[1] The administrative law judge (ALJ) summarized the jurisdictional and procedural history of this matter as follows. Plaintiff received Supplemental Security Income (SSI) payments as a child for chronic and persistent mental illness based on an application filed in May 1990 (AR 12). "The claimant became entitled to auxiliary child's benefits on the record of [his father] Arthur Haege in March 1996 . . . At the time of the application for auxiliary benefits, the claimant's disability was

---

[1] Citations to the administrative record will be referenced as (AR "page #").

noted and benefits converted after the age of 18 to Childhood Disability Benefits [CDB]" (AR 12).[2] Plaintiff worked while he was receiving benefits, earning $285.00 in 1999, $10,001.35 in 2000 and $3,704.41 in 2001 (AR 12).   The ALJ stated, without citation to any authority, that "[t]he record did not indicate initiation or completion of a work review with regard to entitlement to childhood disability benefits" and "based on the verified monthly amounts, the claimant was working at substantial gainful levels from February 2000 to November 2000 and in March 2001 (AR 12).  It is unclear from the ALJ's statements as to whether plaintiff was receiving CDB, auxiliary child's benefits, or both during the time he worked. While the ALJ noted that " due to the performance of substantial gainful employment by Arthur Haege, the claimant's benefits terminated in 2001," it is unclear which benefits terminated or exactly when the benefits were terminated, because the ALJ's decision did not cite any documents from the administrative record (AR 12).

The termination date of the benefits appears relevant, because the ALJ stated that Arthur Haege became entitled to Retirement Insurance Benefits in August 2001, but that plaintiff was not listed as a disabled child on Arthur Haege's application for those benefits (AR 12).  The ALJ does not explain the relevance of this omission, but does state that plaintiff applied for re-entitlement to benefits as a disabled adult child in March 2002 (AR 12).  The claim was denied in May 2002 due to plaintiff's substantial gainful earnings after the age of 22 (AR 12-13).  The ALJ noted that plaintiff remained entitled to SSI benefits, and these benefits were medically continued in February 2003 following the completion of a medical review (AR 13).

---

[2] As stated by the ALJ, the relationship between plaintiff's auxiliary child's benefits and his CDB is unclear to the Court. This is caused, in part, by ALJ's failure to mention plaintiff's birth date. As discussed, *infra*, the Appeals Council reviewed plaintiff's claim using an incorrect birth date of 1971. Based on plaintiff's correct birth date in 1967, he turned 18 in September 1985, not at some point in time after he received child's auxiliary benefits in March 1996, as suggested by the decision.

The ALJ provides no further information with respect to plaintiff's situation over the next four years. The ALJ notes that following Arthur Haege's death in March 2007, plaintiff was listed as a disabled child on the application for survivor benefits filed by Carol Haege (AR 13). Nine months later, in December 2007, plaintiff filed for benefits as a disabled adult child based on an onset date of January 1, 1987 (AR 13). Plaintiff was awarded these benefits in February 2008, with entitlement beginning in June 2007 (AR 13). The ALJ, however, does not explain why plaintiff was awarded disabled adult child benefits in February 2008, when he had been denied those benefits back in March 2002. The ALJ also stated that "[a]fter converting to a higher survivor rate in March 2007, SSI benefits were not payable as of April 2008 and subsequently terminated in March 2009" (AR 13).[3]

The ALJ summarized the events which led to the present controversy:

> In approximately August 2011, review of the claimant's earnings in 2000 and 2001 resulted in a determination which reopened and reversed the prior February 2008 award. Citing 20 CFR 404.351 and POMS DI 10115.035 and RS 00203.015 as guides, the claimant did not meet the criteria for reentitlement as his prior period of entitlement to childhood disability benefits had not terminated due to his performance of substantial gainful activity but rather, the claimant's entitlement terminated due to Arthur Haege's performance of substantial gainful activity. As such, the claimant had been incorrectly reentitled to benefits as a disabled adult child.
>
> A notice of proposed decision was issued on August 30, 2011 providing due process. The final notice was issued on September 19, 2011. The claimant was subsequently notified of an overpayment totaling $53,297.00 for the period June 2007 to September 201 1 (Ex 2-4, 6, 9).
>
> Further contacts with the local servicing office were viewed as informal requests for appeal of the facts or the amount of the overpayment which remained unchanged. However, the claimant was not issued notices to this effect. Thereafter,

---

[3] From the Court's perspective, the latter statement appears incomplete, because it does not address the amount of the survivor rate in 2007, the relevance of the benefit award in February 2008, or the interrelationship between plaintiff's disabled adult child benefits and his SSI award.

the claimant filed a written request, considered a request for hearing on October 4, 2011 (20 CFR 404.929 et seq.) (Ex 7-8).

(AR 13).

A hearing was held before the ALJ on February 28, 2012 in West Des Moines, Iowa (AR 167-220). Plaintiff waived his right to representation at the hearing and advised the ALJ that he wanted to proceed *pro se* (AR 169-71). The ALJ summarized plaintiff's arguments as follows: that he was disabled prior to the age of 22; that the only period of substantial gainful activity took place in 2000; that he remains under a disability; and that he should be reentitled to childhood disability benefits on the record of Arthur Haege (AR 13).

The ALJ determined that plaintiff's claim involved two issues. The ALJ identified the first issue as:

> [W]hether the claimant can be reentitled to childhood disability benefits. Under the authority of the Social Security Act, the Social Security Administration has promulgated regulations that provide for the payment of disabled child's insurance benefits if the claimant is 18 years old or older and has a disability that began before attaining age 22 (20 CFR 404.350(a)(5)).

(AR 13-14). The regulation regarding the award of child's benefits provides in pertinent part:

> You are entitled to child's benefits on the earnings record of an insured person who is entitled to old-age or disability benefits or who has died if --
>
> (5) You are under age 18; you are 18 years old or older and have a disability that began before you became 22 years old; or you are 18 years or older and qualify for benefits as a full-time student as described in § 404.367.

20 C.F.R. § 405.350(a). The regulation regarding reentitlement to such benefits, 20 C.F.R. § 404.351, provides:

> If your entitlement to child's benefits has ended, you may be reentitled on the same earnings record if you have not married and if you apply for reentitlement. Your reentitlement may begin with --

4

>   (a) The first month in which you qualify as a full-time student. (See § 404.367.)
>
>   (b) The first month in which you are disabled, if your disability began before you became 22 years old.
>
>   (c) The first month you are under a disability that began before the end of the 84th month following the month in which your benefits had ended because an earlier disability had ended; or
>
>   (d) With respect to benefits payable for months beginning October 2004, you can be reentitled to childhood disability benefits at anytime if your prior entitlement terminated because you ceased to be under a disability due to the performance of substantial gainful activity and you meet the other requirements for reentitlement. The 84-month time limit in paragraph (c) in this section continues to apply if your previous entitlement to childhood disability benefits terminated because of medical improvement.

20 C.F.R. § 404.351.

The ALJ identified the second issue as:

> [W]hether the claimant has been overpaid benefits under section 204(a)(1)(A) of the Social Security Act (Act). An overpayment includes a payment in excess of the amount due under Title II of the Act, a payment resulting from the failure to impose deductions or to suspend or reduce benefits, a payment in an amount in excess of the amount to which the individual is entitled, a payment resulting from the failure to terminate benefits, and a payment where no amount is payable (20 CFR 404.501 (a)).

(AR 14).

After identifying the issues, the ALJ evaluated the evidence as follows:

> Although previously entitled to childhood disability benefits on the record, the claimant's entitlement to benefits terminated in June 2001 due to the performance of substantial gainful activity by Arthur Haege. If a continuing disability review had been conducted with regard to the claimant's earnings, his benefits would have continued after completion of the 9-month Trial Work Period in September 2000 as he did not continued to engage in substantial gainful activity. The claimant sought reentitlment [sic] to childhood disability benefits in 1997; however, due to substantial gainful activity after the age of 22, benefits were denied.

>Servicing personnel assisting with the applications awarded in February 2008 failed to address earnings of a substantial gainful level which were posted to the record after the age of 22. As such, the claimant was erroneously reentitled to benefits as a disabled adult child.
>
>The record reflected no evidence that the claimant's disability medically ceased. As such, the claimant has remained remain eligible for SSI benefits.

(AR 14-15).

>Based on this record, the ALJ made four findings:
>
>1. The claimant was erroneously reentitled to benefits as a disabled adult child resulting in the termination of his SSI benefits.
>
>   The claimant was not previously terminated on the record due to the performance of substantial gainful activity. Therefore, reentitlement to childhood disability benefit is not applicable.
>
>2. As a result of the erroneous entitlement, the claimant was overpaid benefits in the amount of $53,297 for the period extending from June 2007 to September 2011, (20 CFR 404.504).
>
>3. The claimant was without fault in causing the overpayment (20 CFR 404.506(a), 404.507, and 404.510a).
>
>4. Recovery of the overpayment is waived. Recovery would be against equity and good conscience and defeat the purpose of Title II due to continued eligibility for SSI benefits (20 CFR 404.501(a) and 404.506).

(AR 15).

The ALJ issued an unfavorable decision, finding that plaintiff's request for review regarding reentitlement to disabled adult child's benefits resulted in an unfavorable decision (AR 15). However, the ALJ also found that plaintiff "is not liable repayment for the amount of $53,297.00 pursuant to section 204(a)(I)(A) of the Social Security Act" and that plaintiff "has remained continuously eligible for SSI during the relevant period" (AR 15-16). The ALJ's decision is the final decision of the Commissioner which is before the court for review.

6

### III. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

### IV. ANALYSIS

Based on a review of plaintiff's *pro se* brief, the Court gleans three issues:

**A.** **The ALJ did not give good cause to go back more than four years to terminate plaintiff's benefits contrary to 20 C.F.R. §§ 404.988(b) and 404.989(a)(i). The Social Security Administration (SSA) knew about plaintiff's substantial gainful employment in 2003, yet did not act on that information until 2011.**

7

>  B.  **The ALJ committed a legal error by using 20 C.F.R. § 404.351(d) as the reason to terminate plaintiff's child survivor benefits.**
>
>  C.  **The records reflect that the SSA erroneously stated that plaintiff's 18th birthday occurred in 1989 rather than 1985.**[4]

As discussed and noted in § I, *infra*, the ALJ's procedural summary of plaintiff's history with the SSA is at times conclusory and does not cite exhibits from the administrative record. Given this incomplete background procedural background of the events which have transpired since plaintiff applied for benefits in 1990, it is difficult for the Court to follow the ALJ's reasoning. The record reflects that on August 30, 2011, the SSA notified plaintiff that upon review of his file, it was determined that he is not qualified for disability benefits due to substantial gainful work performed in February 2000, more than ten years prior to the review (AR 56-57). A "disability determination and transmittal" dated September 19, 2011 advised plaintiff that "[t]his reopens and revises determination dated 01/17/2008" (AR 58-59). The "disability determination rationale" stated among other things: that plaintiff "is a CDB beneficiary previously found to be disabled"; that the "original application" was filed in December 2007; that the "established onset date was August 31, 1989"; and that plaintiff engaged in substantial gainful activity beginning in February 2000 which "was prior to the date of entitlement, and therefore not protected by the trial work period provisions" (AR 59). The ALJ's decision did not provide a sufficient explanation of the September 2011 determination, which appears inconsistent with the ALJ's finding that "[t]he claimant was not previously terminated on the record due to the performance of substantial gainful activity" (AR 15). While the SSA may have properly re-opened plaintiff's claim in 2011 to correct an error made in

---

[4] Although plaintiff raised three issues in his brief, the only issue identified by defendant is plaintiff's argument that "he is re-entitled to childhood disability benefits due to the fourth prong of the re-entitlement regulations." Defendant's Brief (docket no. 14 at p. ID# 60).

2007 or 2008, the ALJ's decision does not spell this out. In this regard, defendant's brief did not address plaintiff's claim that the 2011 review was untimely. *See* 20 C.F.R. § 404.988(b).[5] In addition, while the ALJ's decision recited the reentitlement regulation, 20 C.F.R. 404.351, it did not provide an adequate explanation of the reasons why plaintiff was not reentitled to benefits or address any exhibits to support the decision.

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985), *quoting Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir.1984). Here, the Court cannot trace the path of the ALJ's reasoning. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner will be directed to address plaintiff's claim that his case was not re-opened in a timely manner, to provide a more detailed explanation of the reasons why plaintiff's claim was denied under 20 C.F.R. § 404.351(d), and to cite the relevant exhibits from the administrative record.

---

[5] This regulation provides that "A determination, revised determination, decision, or revised decision may be reopened . . . (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case[.]" 20 C.F.R. § 404.988(b). In addition, 20 C.F.R. § 404.989(a) provides that, "We will find that there is good cause to reopen a determination or decision if -- (1) New and material evidence is furnished; (2) A clerical error in the computation or recomputation of benefits was made; or (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made."

Finally, plaintiff has raised a due process issue based upon the Appeals Council's miscalculation of his age. As an initial matter, there is no basis for this Court to review the Appeals Council's alleged error. "Only final decisions of the [Commissioner] are subject to judicial review under [42 U.S.C.] § 405(g)." *Willis v. Secretary of Health and Human Servs.*, No. 93-6337, 1995 WL 31591 at * 2 (6th Cir. 1995), *citing Califano v. Saunders*, 430 U.S. 99, 108 (1977). When the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Commissioner. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). "While new material evidence may be submitted for consideration to the appeals council pursuant to 20 C.F.R. § 404.970, on appeal we still review the ALJ's decision, not the denial of review by the appeals council." *Id.*

However, the Court can address plaintiff's claim as implicating a due process violation. Due process requires that a Social Security hearing be "full and fair." *Flatford v. Chater*, 93 F.3d 1296, 1305 (6th Cir. 1996), *citing Richardson v. Perales*, 402 U.S. 389, 401-02 (1971). Here, the Appeals Council based its denial of request for review, in part, on the erroneous factual finding that plaintiff was born in September 1971, i.e., "[w]e cannot find you disabled prior to age 22 since you engaged in substantial gainful work activity after September 1989, the month you attained age 18" (AR 4). As plaintiff notes, the ALJ's decision did not mention his birth date, even though his age was relevant to the disability determination. Based on this record, the Court concludes that plaintiff did not receive a "full and fair" hearing when the agency reviewed his claim using the incorrect birth date of September 1971. This is another basis for a sentence four remand. On remand, the Commissioner will be directed to re-evaluate plaintiff's claim using his correct birth date.

10

### IV.     Conclusion

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed: (1) to address plaintiff's claim that his case was not re-opened in a timely manner; (2) to provide a more detailed explanation of the reasons why plaintiff's claim was denied under 20 C.F.R. § 404.351(d); (3) to re-evaluate plaintiff's claim using his correct birth date; and (4) to cite the relevant exhibits from the administrative record.  A judgment consistent with this opinion will be issued forthwith.

Dated:  March 30, 2015                                               /s/ Hugh W. Brenneman, Jr.
                                                                                    HUGH W. BRENNEMAN, JR.
                                                                                    United States Magistrate Judge